IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JOSEPH K. BURKE,                )
                                )
            Plaintiff,          )       8:10CV445
                                )
       v.                       )
                                )
MICHAEL J. ASTRUE,              )       MEMORANDUM OPINION
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
_____)
```

This matter is before the Court for judicial review of a final decision of the defendant Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. §§ 405(g), 1382(c)(3) of the Social Security Act and upon plaintiff Joseph K. Burke's ("Mr. Burke") motion to file new evidence (Filing No. 10). The Commissioner denied Mr. Burke's application for disability benefits and supplemental social security income benefits, finding he was not under a disability from September 9, 2004, the alleged onset date, through September 22, 2008, the date of the Administrative Law Judge's ("ALJ") final opinion. Upon review, the Court finds the Commissioner's decision is supported by substantial evidence on the record as a whole.

Mr. Burke also filed a request for criminal charges to be brought against the defense counsel and defendant (Filing No.

34). This matter is not properly before the Court, and the request will be denied without prejudice.

## I. BACKGROUND

Mr. Burke filed for benefits on January 24, 2006 (Tr. 13).[1] Mr. Burke claimed he became disabled on September 9, 2004, due to headaches, chest and back pain, numbness, and other problems related to anxiety, depression, and personality disorder (Tr. 15, 86, 138, 363-64, 367). In the years before Mr. Burke's alleged disability began, he worked as a telemarketer and realtor, among other jobs (Tr. 360-61, 389-90). His applications were denied initially on April 7, 2006, and upon reconsideration on June 20, 2006 (Tr. 13).

Mr. Burke filed a timely written request for a hearing on August 18, 2006 (Tr. 13). An ALJ held an administrative hearing on September 8, 2008 (Tr. 354-401). At the hearing, Mr. Burke stood at 5'11" tall, weighing 196 pounds, and was forty-six years old (Tr. 24, 35, 260). He testified that he had worked since the alleged onset date and continues to work collecting cans and metal, but per his testimony does not earn enough to constitute substantial gainful activity (Tr. 15). In a decision dated September 22, 2008, the ALJ found Mr. Burke was not

---

[1] Mr. Burke filed a prior application for benefits on October 26, 2004, which was denied at the initial level and not appealed (Tr. 13). As Mr. Burke alleged the same onset date in both the 2004 and 2006 applications, the ALJ considered evidence that pertained to both applications (Tr. 13).

disabled (Tr. 13-24). The Appeals Council denied Mr. Burke's request for review of the ALJ's decision on September 23, 2010 (Tr. 6).

Mr. Burke filed a pro-se complaint with this Court on November 29, 2010, for judicial review of the Commissioner's final decision (Filing No. 1). On January 24, 2011, he filed a motion to file new evidence (Filing No. 10). Mr. Burke amended his complaint on March 16, 2010 (Filing No. 18). This Court ordered Mr. Burke to file a brief in support of his amended complaint within 30 days of April 22, 2011, and for defendant to file a brief in response 30 days thereafter (Filing No. 24). Mr. Burke failed to file a brief by the date ordered.

On June 29, 2011, this Court ordered Mr. Burke to show cause in writing, not later than July 20, 2011, as to why this action should not be dismissed for failure to prosecute (Filing No. 25). On July 21, 2011, Mr. Burke filed a motion to extend time to respond (Filing No. 26). The Court granted Mr. Burke's motion, allowing him until August 26, 2011, to respond to the Court's order (Filing No. 27). On August 29, 2011, Mr. Burke filed a motion to extend time to seek counsel to show cause (Filing No. 28). The Court granted his motion, allowing Mr. Burke until October 3, 2011, to obtain counsel or file a brief in support of his complaint (Filing No. 29). The Court informed Mr. Burke that no further extensions would be granted, and the case

would be deemed submitted if he fails to comply with the Court's order (Filing No. 29).  Mr. Burke filed a brief in support of his complaint on October 5, 2011, two days after the deadline set by the Court (Filing No. 30).  Defendant filed a brief in response (Filing No. 33).

**II. DISCUSSION**

"The Social Security Act generally precludes consideration on review of evidence outside the record before the Secretary," *Delrosa v. Sullivan*, 922 F.2d 480, 483 (1991) (citations omitted).  Mr. Burke has filed a motion asking the Court to consider "appointments" which allegedly took place on November 24, 2010, December 23, 2010, and January 12, 2011, over two years after the ALJ's opinion.  *See* Filing No. 10.  Mr. Burke claims he learned at these appointments he may have "C.O.P.D." (chronic obstructive pulmonary disease), and he now requires further testing to know if he is disabled.  *See* Filing No. 10.  Mr. Burke did not mention these appointments in his subsequently filed amended complaint or supporting brief.  Thus, the new evidence provided in Mr. Burke's motion to file new evidence, which was acquired over two years after the proceedings below, will not be considered by this Court.  *Delorosa*, 922 F2d. at 483-84.  Mr. Burke's motion to file new evidence will be denied.

When reviewing an ALJ's decision, the Court must determine whether the ALJ's decision complies with the relevant

-4-

law and is supported by substantial evidence in the record as a whole. *Martise v. Astrue*, 641 F.3d 909, 920 (8th Cir. 2011). Substantial evidence is:

> relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Substantial evidence on the record as a whole, however, requires a more scrutinizing analysis. In the review of an administrative decision, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight. Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory.

*Id.* at 920-21 (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "'If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)). The Court may not reverse the ALJ's decision merely because the Court would have come to a different conclusion. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). Plaintiff bears the burden of proving disability. *Id.* at 615. The Eighth Circuit has further noted that a court should "defer heavily to the findings and

conclusions of the SSA." *Howard v. Massanari*, 225 F.3d 577, 581 (8th Cir. 2001).

Mr. Burke failed to address any issues relevant to his appeal in his supporting brief. *See* filing No. 30. Thus, defendant's response brief provides the Court with a "general defense" of the ALJ's decision. *See* filing No. 33.

The Court has reviewed the evidence related to this case, the opinion of the ALJ, and defendant's brief defending such opinion, and is satisfied the ALJ's opinion is supported by substantial evidence on the record as a whole. It is Mr. Burke's burden to prove his disability, and he has failed to provide this Court with any issues pertinent to the appeal of this issue. *Teague*, 638 F.3d at 615. Thus, the Court finds no reason to reverse the final decision of the defendant Commissioner and will defer to the findings and conclusions of the Social Security Administration. The Commissioner's denial of Mr. Burke's disability benefits and supplemental social security income benefits claim will be affirmed. A separate order will be entered in accordance with this memorandum opinion

DATED this 3rd day of February, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court